John W. Olmstead, Claimant, *v.* The State of New York, Defendant.

Claim No. 17036.

Court of Claims, May, 1923.

Claims against the state — practice — motion to bring in additional parties — when denied.

Where a claim to recover compensation for the value of lands appropriated by the state pursuant to section 59 of the Conservation Law in the year 1919 has been filed, a motion by the attorney-general under section 21 of the Court of Claims Act for an order bringing in additional parties will be denied where it is not shown that there are outstanding interests whose owners should be made parties to the claim.

Motion to bring in additional parties.

*Carl Sherman,* attorney-general (*Clarence R. Cummings,* of counsel), for State of New York.

*Edgar T. Brackett* (*A. F. Jenks,* of counsel), for claimant.

SMITH, J.   This claim is one filed for the recovery of compensation for the value of lands in Benson township, county of Hamilton, appropriated by the state pursuant to the provisions of section 59 of the Conservation Law in the year 1919.

The attorney-general has moved for an order, pursuant to the provisions of section 21 of the Court of Claims Act, to bring in additional parties.

The motion is opposed by the claimant upon the ground that the petition of the attorney-general as presented does not show that there are outstanding interests, whose owners should be made parties to the claim.

It appears from the affidavit of Michael F. O'Connor, a deputy attorney-general, which by the petition is made a part thereof, that in December, 1910, the lands, for the appropriation of which this claim has been filed, were sold at tax sale to one Edward H. Sargent, a deed therefor having been executed and delivered by the comptroller to said Sargent on February 6, 1912, which deed was recorded in the Hamilton county clerk's office on October 11, 1913, and that thereafter, and on or about October 22, 1918, the said Edward H. Sargent and wife by deed conveyed said lands to John W. Olmstead, the claimant herein.

If the comptroller's sale of December, 1910, was regular and valid, Olmstead became the owner of the legal title to the property as the grantee of Sargent, the purchaser at such sale, and all rights and interests and title of all other persons were cut off by the sale.

There is nothing in the petition to indicate, or suggest, any invalidity or irregularity with respect to that tax sale, or the conveyance made pursuant thereto.

In these circumstances, it seems that the attorney-general has not shown that there are parties, other than the claimant, who may have some right, title and interest in and to the lands in question, whose presence as parties to this claim is necessary or appropriate to a determination of the claim.

The motion is, therefore, denied.

Ordered accordingly.